Response of the Justices of the Supreme Court to question propounded by the Senate, under section 10290 of the Code of 1923.
Question answered.
 Senate Resolution.
S. R. 45. By Mr. Teasley.
Whereas, there is now pending in the Senate, Senate Bill No. 159 which is of great importance to the Public School System of Alabama, and the constitutionality of the bill should be beyond question.
Therefore, be it resolved by the Senate that the Justices of the Supreme Court of Alabama, or a majority thereof, are hereby requested to render to this body their written opinion, as provided under Section 10290 of the Code of Alabama, as to whether said act violates the following sections of the Constitution of Alabama, viz.:
Section 72, relating to money to be paid out of the treasury,
Section 213, prohibiting the creation of new debts.
The following is a copy of Senate Bill 159:
A bill to be entitled an act To authorize the State Auditor, with the approval of the Governor, to consolidate warrants heretofore or hereafter issued by him as provided by law and to issue in lieu thereof one warrant for the aggregate amount of warrants surrendered and cancelled as herein provided; to provide for the surrender and cancellation of said warrants; to require the Auditor to keep a transfer register showing the number, amount and payee of warrants surrendered and cancelled and the number, amount and payee of warrants issued in lieu thereof; to provide that all warrants issued shall be countersigned by the Governor and attested by the Secretary of State under the Seal of the State.
Be it enacted by the Legislature of Alabama:
Section 1. The State Auditor is hereby authorized, with the approval of the Governor, upon the request of the legal owner or holder, in due course, of two or more warrants, properly endorsed, heretofore or hereafter issued by the State Auditor as provided by law, to issue to such owner or holder of such warrants one warrant for the aggregate amount of warrants surrendered and cancelled as provided under this act.
Section 2. All warrants surrendered and cancelled under the provisions of this act shall have the words "Cancelled and Surrendered" stamped or written across the face of each warrant in the presence of the Governor and Treasurer, and filed in the office of the State Treasurer who shall issue his receipt for same.
Section 3. The State Auditor shall keep a transfer register in which he shall enter all warrants surrendered and cancelled under the provisions of this act, showing the fund upon which said warrants were drawn, the number, date, amount and payees of such warrants together with the number, date, amount and payee of the warrant issued in lieu of the warrants surrendered and cancelled and deliver said warrants so surrendered and cancelled to the State Treasurer taking his receipt for same.
Section 4. All warrants issued under the provisions of this act must be signed by the State Auditor, countersigned by the Governor and attested by the Secretary of State under the Seal of the State. If the holder or owner of any warrant issued under the provisions of this act so desires, he may request the State Treasurer to enter on the face of such warrant the date funds will be available in the Treasury for the payment of such warrant and the Treasurer may comply with such *Page 361 
request if he has the necessary information. Whenever the date of payment is entered on any warrant upon the request of the owner or holder thereof as herein provided such warrant shall not be payable before such date, except upon approval by the Governor.
Section 5. All warrants issued under the provisions of this act must be drawn on and payable out of the same fund as the original warrants surrendered and cancelled.
Section 6. All laws and parts of laws in conflict with the provisions of this act be and the same are hereby repealed.
 Response of the Justices.
To the Senate of Alabama:
Replying to Resolution 45, asking if Senate Bill 159 violates either section 72 or 213 of the Constitution of 1901, will say:
As we view the bill it merely authorizes the consolidation of a debt already existing and does not create a new debt as forbidden by section 213 of the Constitution of 1901. Whether or not the debt or warrants for which the bill authorizes a new consolidated warrant violates section 213, we are not asked and do not express an opinion. It is sufficient to say that if the old or original warrants are valid charges, the consolidated or substituted warrant would be.
Nor do we think that the bill violates section 72 of the Constitution. If the first warrants are valid charges, the giving or issuing of a new consolidated warrant would not violate section 72 of the Constitution.
Respectfully,
 JNO. C. ANDERSON, Chief Justice.
 WM. H. THOMAS, VIRGIL BOULDIN, A. B. FOSTER, Associate Justices.